IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSARIO DIAZ | ) | |
| | ) | |
| Plaintiff | ) | Case No. 15-C-3498 |
| | ) | |
| v. | ) | |
| | ) | |
| MFD, INC. d/b/a AVENUE ALE HOUSE, | ) | |
| and FUAD BEKTASEVIC | ) | |
| | ) | |
| Defendants. | ) | **<u>JURY DEMAND</u>** |

## <u>COMPLAINT</u>

Plaintiff, as a Complaint against Defendants, alleges the following:

## <u>NATURE OF THE CASE</u>

1.     This is an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/4a ("IMWL"), to recover unpaid overtime wages for a cook at Avenue Ale House, a pub and rooftop cafe located in Oak Park, Illinois. Defendants violated the FLSA and IMWL by failing to pay Plaintiff premium overtime wages ("time and a half") for his hours worked in excess of 40 in a single workweek.

## <u>JURISDICTION AND VENUE</u>

2.     The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. §216(b) (Fair Labor Standards Act).

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because they are so closely related to the federal claims that they form part of the same Article III case.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a Defendant resides in this District and a substantial part of the events and omissions at issue took place in this District.

## PARTIES

5.      Plaintiff Rosario Diaz worked for MFD, Inc., which does business as Avenue Ale House, during the three-year period prior to the filing of this Complaint.

6.      Defendant MFD, Inc. ("MFD" or "Avenue Ale House") is an Illinois corporation with its principal place of business in Oak Park, Cook County, Illinois.

7.      Defendant MFD is an enterprise as defined in Section 3(r)(l) of the Fair Labor Standards Act, 29 U.S.C. §203(r)(l), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Fair Labor Standards Act, 29 U.S.C.§203(s)(1)(A).

8.      Defendant MFD is an "employer" as defined in the Fair Labor Standards Act, 29 U.S.C. §203, and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

9.      Defendant Fuad Bektasevic ("Bektasevic") was at all times relevant the owner and operator of MFD and responsible for its day-to-day business operations. At all times relevant, Bektasevic supervised Plaintiff's employment.

10.     At all times relevant, Defendant Bektasevic was an "employer" as defined in the Fair Labor Standards Act, 29 U.S.C. §203, and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

11.     Defendants MFD and Bektasevic jointly employed Plaintiff and are jointly and severally liable for the violations of law alleged in this Complaint.

## FACTUAL ALLEGATIONS

12.     Plaintiff worked for MFD, a pub and rooftop café, beginning in 2006 and continuing until April 2015.

13.     At all times relevant, Defendant Bektasevic owned and managed the pub and café and set the terms and conditions of Plaintiff's employment.

14.     Plaintiff's job was that of a cook.

15.     Plaintiff's work was covered, not exempt, from the overtime mandates of the Fair Labor Standards Act and Illinois Minimum Wage Law.

16.     Under Bektasevic's management, Plaintiff worked in excess of 40 hours in most workweeks.

17.     Plaintiff was not paid premium overtime wages of one and one-half times his regular rate of pay for hours worked in excess of 40 in a single workweek, as required by the Fair Labor Standards Act and Illinois Minimum Wage Law. Instead, he was paid at only his regular rate for overtime hours.

18.     At all times relevant, Defendants used an automated timekeeping system for employees, including Plaintiff, to clock in and out. This system recorded Plaintiff's actual work hours. Printed records generated from this system show

"Ovrtm this shift" and "Ovrtm this week," reflecting the number of overtime hours worked in each shift and workweek. An example is attached to this Complaint as Exhibit A. Even though Defendants' automated time keeping system recorded overtime hours for Plaintiff, Defendants failed to pay Plaintiff overtime wages.

**COUNT I**
**FAIR LABOR STANDARDS ACT, 29 U.S.C. §207**
**UNPAID OVERTIME WAGES**

19.     Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

20.     Through their actions described above, Defendants failed to pay Plaintiff his mandated overtime wages in violation of 29 U.S.C. §207.

21.     Defendants' violations of 29 U.S.C. §207 were willful.

22.     Defendants were joint employers of Plaintiff and are jointly and severally liable for the violations of 29 U.S.C. §207.

WHEREFORE Plaintiff prays for relief as follows:

A.  The entry of judgment in his favor and against Defendants on Count I, jointly and severally;

B.  An order awarding Plaintiff an amount equal to his unpaid overtime wages and an additional and equal amount in liquidated damages pursuant to 29 U.S.C. §216(b);

C.  An order awarding Plaintiff his costs including reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. §216(b); and

D.  Such other and further relief as the Court deems just and proper.

4

**COUNT II**
**ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/4a**
**UNPAID OVERTIME WAGES**

23.     Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

24.     Through their actions described above, Defendants failed to pay Plaintiff his mandated overtime wages in violation of 820 ILCS 105/4a.

25.     Defendants were joint employers of Plaintiff and are jointly and severally liable for the violations of 820 ILCS 105/4a.

WHEREFORE Plaintiff prays for relief as follows:

    A.  The entry of judgment in his favor and against Defendants on Count II, jointly and severally;

    B.  An order awarding Plaintiff his unpaid overtime wages plus a penalty in the amount of 2% of the underpayment per month for the length of the violation;

    C.  An order awarding Plaintiff his costs including reasonable attorney's fees pursuant to 820 ILCS 105/12;

    D.  An order awarding Plaintiff pre-judgment and post-judgment interest as provided by law; and

    E.  Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: April 21, 2015                    Respectfully submitted,


                                         /s Marni Willenson
                                         Willenson Law, LLC
                                         542 S. Dearborn St., Suite 610
                                         Chicago, IL 60605
                                         312-546-4910; 312-261-9977 Fax
                                         marni@willensonlaw.com

                                         Attorney for Plaintiff